LEVERETT *et al. v.* NUNN.

GILBERT, J. 1. Error is assigned on the admission of the following evidence, over objection of movant: "In 1910 and 1911 H. B. Leverett, W. B. Butts, and W. L. Benson for a while composed the firm of H. B. Leverett & Co., from 1908 to 1911. Mr. H. B. Leverett, the defendant in this case, was a member of that firm. W. B. Butts, the other defendant in this case, was also a member of that firm." The grounds of objection were, that the evidence was immaterial and irrelevant as to who composed the firm of H. B. Leverett & Co., and that there were no pleadings upon which to base the admission of such evidence. *Held,* that the evidence was admissible for the consideration of the jury, in connection with other evidence, as one of the circumstances tending to illustrate the question of delivery to the plaintiff.

2. In the second, third, fourth, fifth, and sixth grounds of the amendment to the motion for a new trial, error is assigned on the admission of evidence, over the objection of movant, to the effect and in substance that H. B. Leverett, the defendant, had said to the several witnesses that he had given his land to his children, or that he had given all of his property to his children and then had no property. The objection to the evidence in each instance was on the ground that the same was immaterial and irrelevant, and that the description was too vague and indefinite to show what lands were referred to. *Held:* The general rule is that the admissions of a party to the record are always admissible when offered by the other party; and under the application of this rule the evidence complained of in the grounds above mentioned is admissible. Civil Code (1910), § 5776; *Lucas* v. *Parsons,* 27 *Ga.* 593, 630. BECK, P. J., and GILBERT, J., dissent from the above ruling, on the ground that the evidence should be considered as hearsay, and does not fall within any of the exceptions to the hearsay rule.

3. One ground of the motion complains that the trial judge erred in that he "did intimate or express an opinion in the presence of the jury as

to what had been proven in said case." The plaintiff offered in evidence a deed from H. B. Leverett to Mrs. Annie Mae Butts, stating that the same was offered for the purpose of showing that it was not changed or altered by W. B. Butts. On objection to the introduction of this evidence the court remarked in the presence of the jury, "I think the testimony already before the jury that both deeds were delivered at the same time, that is to say they were sent by Mr. Butts by mail to the clerk's office for the purpose of record, and were recorded and went back to him by mail, is admissible; but to put in this record to show that one was changed and one was not, I can't see how it illustrates anything in this case." *Held,* that the question as to whether or not this deed had been changed was not an issue in the case, and the evidence was not material; therefore this ground of the motion shows no cause for a reversal.

4. In the eighth ground of the amendment to the motion for a new trial complaint is made that the court erred in charging the jury as follows: "Now, gentlemen, that is a question for you to determine, as before stated, whether he [H. B. Leverett] intended it [the deed] should be delivered, and whether it was in fact delivered." The criticism is that the charge was, in effect, that if the grantor intended said deed to be delivered, though as a matter of fact it had never been delivered, his intention to deliver was in fact a delivery. *Held,* that the charge is not subject to the criticism, and, considered in connection with the entire charge, was not calculated to mislead the jury.

5. In the ninth ground of the amendment to the motion for new trial complaint is made that the court charged the jury as follows: "Now, it is not necessary, gentlemen, that the grantee in a deed shall be present. If Mr. Leverett parted with his control and dominion and possession over the deed to any one to hold it for the grantee, the plaintiff in this case, that would be a sufficient delivery of the deed." The criticism is that "there is no evidence showing that the deed was ever delivered by Mr. Leverett to any one for the plaintiff, or that it ever left his control, custody, and dominion with his consent. Under the pleadings and the evidence the above charge was not error.

6. The tenth ground of the amendment to the motion for a new trial complains that the court charged the jury as follows: "If it was not his [H. B. Leverett's] intention to deliver it [the deed], the mere record of it without authority and consent would not be a delivery in the eyes of the law." *Held,* that this excerpt, taken in connection with the entire charge and the evidence in the case, does not show cause for the grant of a new trial. It stated a correct abstract principle of law; and if the defendant had desired an amplification or restriction of the same, a timely written request should have been offered.

7. In the eleventh ground movant complains that the court charged the jury as follows: "Now, gentlemen, if before any delivery, under the rules I have given you, Mr. Leverett, while still holding possession of the deed in question, and before he intended delivering it, and before it passed out of his control, before delivery, under the rules I have given you in charge, if he then decided to change the deed and give this land described in the deed both to the plaintiff in this case and her daughter,

Ruth Butts, and he made that alteration in the deed, inserting the name of Ruth Butts, either by himself or authorized some one else to do it for him, and with the consent of the grantee in the deed, the plaintiff in this case, why then, gentlemen, if this is the truth about the business, and he consented to the record of the deed and put them in possession under the deed after the alteration, and there was a delivery after that alteration, then this deed would put the title to that land in both the plaintiff in this case and Miss Ruth Butts." The criticism is that the court used the words "with the consent of the grantee" in the deed, it being contended that there was no evidence that the grantee consented, and no contention that her consent was had or was necessary. *Held*, that the charge is subject to the criticism, and on another trial the language of this excerpt will be modified accordingly.

8. In the twelfth ground the movant complains that the court erred in charging the jury as follows: "Gentlemen, the court instructs you that there was a delivery of the deed." The criticism is that this charge "removed from the consideration of the jury one of the contested facts, and was in fact the direction of a verdict in favor of the plaintiff." *Held*, that the above charge was not subject to the criticism made; nor was it erroneous when taken in connection with the words immediately following, to wit: "The only question for you to determine is whether or not the delivery was made before or after the alteration. . . If it was made after the change, then the delivery was to the petitioner and Miss Ruth Butts."

9. In the thirteenth ground error is assigned because the court submitted the following question to be answered by the jury, to wit: "Did petitioner, Mrs. Nunn, consent to the alleged alteration in deed of Mr. Leverett before delivery? Answer 'Yes' or 'No.'" It is insisted that it was not necessary that the petitioner, Mrs. Nunn, consent to the change in the deed before it was delivered to her by the grantor; for if the deed had never been delivered it did not pass any title out of the grantor to the grantee; that the issue was whether there had been a delivery. *Held*, that under the pleadings and the evidence the submission of this question was erroneous.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Gilbert, J., who dissent from the ruling in the second headnote.*

No. 3297.   JANUARY 27, 1923.   REHEARING DENIED FEBRUARY 20, 1923.

Equitable petition.   Before Judge Roop.   Meriwether superior court.   May 22, 1922.

Mrs. J. H. Nunn filed a petition against H. B. Leverett, W. B. Butts, Ruth Butts, and H. B. Leverett as guardian for Ruth Butts, alleging: that the plaintiff is the daughter of H. B. Leverett; that she was first married to A. J. Butts, who departed this life on March 27, 1907; that Ruth Butts, her minor daughter, was the only issue of that marriage; that the defendant W. B. Butts was the brother of her deceased husband, and the husband of her sister, Annie Maie Leverett Butts; that the father of plaintiff, H. B.

Leverett, executed and delivered to her on July 8, 1908, in consideration of love and affection, a deed conveying to her in fee simple a described tract of land containing 357-1/2 acres, more or less; that petitioner did not read the deed, but thought and was led by her father to believe that she was the sole grantee, and was told by her father that the land was hers; that she permitted the deed to remain for safe-keeping in the safe at the store of H. B. Leverett & Co., at Bullochville, of which firm the defendants H. B. Leverett and W. B. Butts were members; that petitioner with her husband, A. J. Butts, took possession and she had ever since been in possession of the land, and had made valuable improvements thereon to the value of six thousand dollars or other large sum; that on January 2, 1910, plaintiff married W. I. Nunn, which greatly displeased the defendants Leverett and Butts; that subsequently to her second marriage the defendant Butts, without her knowledge or consent, and without any authority from her or any other legal right, changed and altered the above-mentioned deed and the record thereof which had been made in the office of the clerk of Meriwether superior court, by adding immediately after the name of the grantee (Mrs. J. H. Butts, the plaintiff) the words, " and her bodily heir, Ruth Butts," so that the same as changed purported to convey title jointly to plaintiff and her daughter, Ruth Butts, when in truth and in fact the deed was made and executed to petitioner alone; that the defendants Leverett and Butts represented to plaintiff that a one-half interest in the property had been conveyed by the deed as originally executed to Ruth Butts, and that she was entitled to the same; that on February 6, 1911, H. B. Leverett was appointed guardian of Ruth Butts, and at the May term of the court of ordinary of that county procured an order to sell, for the purpose of maintaining and educating Ruth Butts, her undivided half interest in the property mentioned; that plaintiff, being misled in this manner into the belief that she was not the sole grantee in the deed as originally executed, and in utter ignorance of the fact that the deed and the record thereof had been fraudulently altered and changed by W. B. Butts, at the sale by Leverett, as guardian of Ruth Butts, of said undivided half interest in the property, bid the same off and executed to Leverett as guardian, on February 3, 1912, her promissory note for the sum of $4500 with interest, due on Feb-

ruary 3, 1913, and executed to Leverett a warranty deed covering all of said property, for the purpose of securing payment of her note above mentioned; and that she had just recently, since the last term of the superior court of Meriwether County, learned of the fraud which had been perpetrated upon her in changing and altering the deed and record thereof. The prayers were that the words, " and her bodily heir, Ruth Butts," appearing in the deed and the record thereof be stricken; that Leverett be required to deliver up the note and deed mentioned; for a decree cancelling the same and declaring them to be of no force or effect; and for process.

In his answer Leverett set up that during the life of petitioner's first husband the lands in question were rented to him, and that he and petitioner lived thereon, but that after the death of her first husband petitioner moved from the lands and did not live on them. He admitted that after the death of A. J. Butts he had executed the deed mentioned, and later had it so changed as to carry the name of Ruth Butts as a grantee; but he asserted that there had never been a delivery of the deed to petitioner or any one for her, and that it was not his intention that the deed should be delivered until after his death; and that petitioner never at any time had the deed in her hands. He denied that he had told petitioner that she was the sole owner of said lands, or that he had put petitioner in possession as owner. The deed was placed in the safe of H. B. Leverett & Co.; and it was never removed with his knowledge and consent, except upon the occasion when the change was made by adding the name of Ruth Butts as a grantee. On the trial of the case there was evidence to the effect that the deed, through inadvertence, had been removed from the safe of Leverett & Co. by W. B. Butts, and sent with other papers for record to the clerk of the superior court; that it was not intended to send this particular deed, or that it should be recorded; and that it was not known that it was included among the papers to be recorded until they had been recorded and returned. There was a verdict and judgment for the plaintiff. A motion for new trial was overruled, and the defendants excepted.

*M. Z. O'Neal* and *Hatchett- & Hatchett,* for plaintiffs in error. *Terrell & Foley,* contra.